WILLIAM C. GRIFFITH V. JAMES WOOLWORTH.

[FILED FEBRUARY 18, 1890.]

1. **General Denial:** AFFIRMATIVE PROOF NOT ADMISSIBLE UNDER. Where the answer is a general denial, the issue presented by the pleadings is the truth of the allegations of the petition. Under such an issue affirmative proof in favor of the defendant cannot be received, and an instruction submitting such proof to the consideration of the jury is erroneous.

2. **Real Estate Agents:** CONTRACT OF EMPLOYMENT. Where a landowner employs an agent to procure a purchaser for his real estate upon certain terms and conditions, the contract of employment need not be in writing.

3. ———: ———. Upon the facts proved, *held*, that the plaintiff had performed the contract on his part and was entitled to recover.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Charles O. Whedon,* for plaintiff in error, cited: *A. & N. R. Co. v. Washburn,* 5 Neb., 117; *Peet v. O'Brien,* Id.,

362; *B. & M. R. Co. v. Lancaster County*, 7 Id., 37; *Jones v. Seward County*, 10 Id., 161; *Phœnix Ins. Co. v. Barnd*, 16 Id., 90; *Lloyd v. Matthews*, 51 N. Y., 124; *Fox v. Rouse*, 47 Mich., 558.

*Harwoood, Ames & Kelly*, contra, cited: Mechem on Agency, sec. 616, and citations to note 2; *Ahern v. Baker*, 34 Minn., 98; *Vreeland v. Vetterlein*, 33 N. J. L., 247; 1 Parsons on Contracts, 71.

Maxwell, J.

This is an action to recover commissions for procuring a purchaser for the real estate of the defendant.

It is alleged in the petition that "on or about the month of February or March, 1887, the defendant employed the plaintiff to find a purchaser for and to sell for the defendant the east half of the northwest quarter of section 35, town 11, range 6 east, in Lancaster county, at a price and upon terms stated and fixed by defendant; and agreed to pay the plaintiff for his service, and as his compensation for finding such purchaser and making said sale, the sum of $600.

"About the 22d of April, 1887, this plaintiff found a purchaser, and sold to him for defendant the said premises at the price and upon the terms stated and fixed by the defendant, and thereupon the defendant became indebted to the plaintiff in the said sum of $600 for his services in and about finding such purchaser and making said sale, and there is now due to the plaintiff from the defendant for such services and as his compensation for his services the sum of $600, with interest thereon from the 23d of April, 1887."

To this petition the defendant answered as follows:

"Comes now the above named defendant and for answer to the plaintiff's petition herein denies each and every allegation therein contained.

"Second—And for a further and second defense said defendant alleges that the pretended contract, alleged by the plaintiff to have been made, was not made, executed, or delivered in writing, nor any memorandum thereof was ever made or signed by this defendant, nor yet by any one for him at any time by this defendant thereunto in writing or otherwise authorized by this defendant."

The plaintiff demurred to the second count of the answer, but the demurrer was overruled and a reply was then filed.

The overruling of the demurrer is now assigned for error.

The demurrer should have been sustained.   The allegations of the petition are that "the defendant employed the plaintiff to find a purchaser" for the real estate described in the petition upon certain terms and conditions, and that he found such purchaser, etc.   Such a contract need not be in writing.

On the trial of the cause the jury returned a verdict for the defendant, and a motion for a new trial having been overruled judgment was entered on the verdict and the action dismissed.

The testimony tends to show that one Van Horn was the agent of the defendant, and that the defendant owned a section of land in Lancaster county; that Van Horn requested the plaintiff to find a purchaser for the land; that the plaintiff found a purchaser for a quarter section thereof, and Van Horn, for the defendant, paid the plaintiff $200 for selling that quarter.   Van Horn then requested the plaintiff to find a purchaser for the other three quarter sections for a stipulated price and upon certain terms, and promised him $200 as commission for each of said quarter sections if sold.

The following letter was introduced in evidence:

"MONROEVILLE, OHIO, February 27, 1887.
" *Mr. W. C. Griffith:* DEAR SIR—Yours of the 24th

received.    We would prefer that the notes should run the full time.

"I will be at Lincoln the last of this week or first of next and will bring the deed.    The notes and mortgage can be made there if you conclude to have them made.    As to selling the S. ½ S. E. ¼ for $40 per acre, I don't think we would sell at those figures.    We will close out the section at $50 per acre on same terms as given on S. W. quarter. I consider the south ½ of the S. E. ¼ the best 80 acres in the section and worth the most money.    If you can close out the whole section at the price named we will give you $300 in addition to the amount agreed upon for selling the quarter you have sold.    You can sell in ¼ sections, but for the S. E. ¼ we should want $60 per acre if sold separate.

"Yours truly,          W. H. Van Horn."

The testimony also tends to show that the plaintiff did find a purchaser for the land in question for the price and upon the terms and conditions mentioned.    He thereupon telegraphed to Van Horn that he had found a purchaser for the land on the terms stated.    To this he received a reply as follows:

"Too late; sold several days ago.    Wait until get letter."

Griffith also wrote to him as follows:

"Lincoln, Neb., April 23, 1887.

"Mr. W. H. Van Horn: Dear Sir—I went to the records yesterday to see if there was anything of record there to show that the land (¾ of 35, 11, 6) had been sold. Nothing appearing there I made the contract for the sale of the land and they paid me $500 cash in hand and are to pay $7,500 as soon as deed is executed, and the balance in five equal annual payments with interest at 8 per cent per annum.    The parties to whom I sold recorded their contract and are quite anxious to have the deed executed. The parties to whom I sold are, W. J. Flemming, J. F. Hutchins and Ephraim E. Myers.    These are the names

to be put into the deed.    Will you be out or will you send the deed to bank to be delivered?  I think my sale is the one you should recognize, inasmuch as it is made strictly on your terms and is first of record.

"Hoping you will stand by my sale,

"I am, yours very truly,

W. C. Griffth."

The answer of Van Horn is as follows:

"Monroeville, Ohio, April 23, 1887.

"*W. C. Griffith:* Dear Sir—Your telegram received last evening and a reply sent.    Now, the facts are, I had a telegram some four days ago, before yours came, from Sherwin, Sherwin & Co., that the 480 acres were sold by them, and that they had written full particulars.    I received their letter Thursday evening of this week and answered it yesterday, but did not confirm the sale.    I refused to do so for reasons given them, until Mr. Woolworth and myself were there, which will be the last of next week.    There is something given in the terms by them that we will not sanction, as they had no instructions to give any such terms.    You had better hold to your sale until we come, and of course we will take the one that pays the most money down.    We wish to reinvest all the money we get for property sold, and of course the more cash we get in a trade the more we will have to reinvest.    Sherwin's trade pays $2,500 cash, $2,500 in 60 days, $3,000 in 90 days, and the balance in 1, 2, 3, 4, and 5 years.    Of course you know whether your terms are better for us than these, which I presume they are.

" I shall leave home Monday morning for Chicago and Lincoln.    Intend to stop in C. about three days and get into Lincoln next week, Thursday or Friday.    Mr. Woolworth and wife are coming there from Hot Springs, Arkansas, and he will probably be there by the same time.    If your party wants the land bad enough to wait until we come,

the chance is that he or they will get.    The Sherwin parties must pay ⅓ down to take it, which they do not offer now.

" This is confidential.

"Yours truly,          W. H. VAN HORN."

There are other letters in the record tending to show the liability of the defendant to the plaintiff, to which it is unnecessary to refer.    The issue made by the pleadings in this case is simply whether or not the defendant had employed the plaintiff to find a purchaser for his lands upon certain terms and conditions, and whether, in fact, he had found such purchaser.    In other words, a denial puts in issue the allegations of the petition.

Under such an issue no affirmative matter in defense can be shown; yet we find a large amount of evidence offered on behalf of the defendant, of an affirmative character, and not properly admissible, and the court gave the following instructions :

"If you find from the evidence that the defendant did employ the plaintiff to make the sale of said premises, and that the plaintiff made no sale of said premises until after the defendant had sold said premises to other parties, and had so notified the plaintiff, or the knowledge of said fact had become known to the plaintiff before making a sale of said premises, then your verdict should be for the defendant."

The giving of this was clearly erroneous.    If the defendant desires to raise an issue as to a sale by another party he must plead such facts, and cannot try that issue under a general denial.

In the defendant's brief it is claimed that the plaintiff's agency terminated on a sale by another party.    It is sufficient to say that no such sale is shown and that the telegram of Van Horn asserting that such sale had taken place was a mistake.    Neither had the plaintiff's agency terminated, as Van Horn says to the plaintiff in his letter: "If your party wants the land bad enough to wait until we come

the chance is that he or they will get it." This was a recognition of the continuing character of his agency.

The testimony tends to show that the plaintiff fully performed all the terms of the contract by him to be performed, and that the defendant, some time after the sale in question, but while holding onto it in case he could do no better, sold the land in controversy for about $1,000 more than he had authorized the plaintiff to sell it for. This, however, will not relieve him from liability to the plaintiff. On the proof before us he is entitled to recover.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.